Joseph A. Cox, S.
The fifth paragraph of the will directs the trustee to divide the residuary trust into eight equal portions at the time of death of the testator’s wife. The sixth paragraph directs the allotment and setting apart of one of the shares to the testator’s daughter, Helen Stout, but it also provides that from the share so set apart there be deducted a certain sum of money, except that if the one-eighth share be less than the amount to be deducted, the share be diminished to $5,000. The parties correctly construe the will as requiring this trust fund to be set up immediately after the death of the testator’s wife. The account shows inventory values rather than market value as of the time of setting up the trust, but all parties appear to concede that the actual value of the one-eighth share allocated to the trust for Helen Stout was less than $5,000 as of the date when the trust was required to be set up. Upon this state of facts, the will plainly required the trustee to allocate a full one-eighth share of the total fund to the life use of Helen Stout. The increase in the value of this separate trust fund during the period of administration does not require any readjustment of the various trust funds. Although the funds of all trusts were in fact held in solido, they were nevertheless separate and distinct trusts. The increase in value of the assets of the Stout trust enures' to the benefit of that trust alone. The entire remainder .of the trust fund for Helen Stout is distributable to her issue per stirpes.
Submit decree on notice construing the will and settling the account accordingly.